# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| HOLLY ANN RANDALL, | * | |
| | * | No. 18-236V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: July 31, 2020 |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' Fees and Costs |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * *

<u>Carl Joseph McCoy</u>, McCoy & McCoy Attorneys at Law LLC, Newark, OH, for Petitioner;
<u>Christine M. Becer</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 24, 2020, petitioner Holly Ann Randall moved for final attorneys' fees and costs. She is awarded **$20,073.50**.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

\*   \*   \*

On February 15, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that the influenza vaccine petitioner received on October 19, 2016, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused her to suffer from a shoulder injury related to vaccination administration. On March 17, 2020, the parties filed a stipulation for award, which the undersigned adopted as his decision awarding compensation on the same day.

On March 24, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $21,112.50 and attorneys' costs of $400.00 for a total request of $21,512.50. Fees App. at 2. Pursuant to General Order No. 9, petitioner states that she has not personally incurred any costs in pursuit of this litigation. Id. On April 7, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are

2

required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.     Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of her attorney, Mr. C. Joseph McCoy: $175.00 per hour for work performed in 2017, $200.00 per hour for work performed in 2018, $215.00 per hour for work performed in 2019, and $225.00 per hour for work performed in 2020. Fees App. at 1. Petitioner also requests paralegal rates of $140.00 per hour for all work performed in this case. Id. Because this is Mr. McCoy's first Vaccine Program case, the reasonableness of his requested hourly rates is an issue of first impression.

Typically, the first step in determining the reasonableness of an hourly rate is a determination of whether counsel should be awarded forum or non-forum rates. This is especially important in cases such as these where the bulk of the work is done in a smaller locale where non-forum rates might apply. To the undersigned's knowledge, there are no other attorneys from Newark, Ohio (a suburb of Columbus) who have practiced in the Vaccine Program.

However, the undersigned need not make a determination as to whether attorneys from Newark, Ohio are entitled to forum rates here because counsel does not seek forum rates for his work. As petitioner has noted in her motion, "[t]he rates requested by Petitioner's counsel are below those billed by similarly situated attorneys in central Ohio and Washington, D.C." Fees App. at 2. Indeed, the rates

3

requested are below even the lowest rate prescribed for an attorney with Mr. McCoy's experience in the OSM Attorneys' Fees Schedules.[2]

Nevertheless, the undersigned must still determine whether the requested rates are reasonable for an attorney with Mr. McCoy's credentials. Mr. McCoy was admitted to the State Bar of Ohio in 2014, giving him approximately three years of experience in 2017 when he began work on this case. Mr. McCoy has little Vaccine Program specific experience however – the instant case is Mr. McCoy's first in the Vaccine Program, and he has since commenced two additional cases. Based on these factors and the undersigned's experience, Mr. McCoy's proposed hourly rate of $175.00 per hour for work performed in 2017 is reasonable.

The next step is to determine reasonable hourly for the years subsequent to 2017. The Office of Special Masters has relied on the PPI-OL to adjust rates to reflect year-to-year changes in purchasing power for attorneys. See, e.g., Plevak v. Sec'y of Health & Human Servs., No. 15-1119V, 2019 WL 964126, at *5 (Fed. Cl. Spec. Mstr. Jan. 28, 2019); Pember v. Sec'y of Health & Human Servs., No. 15-1005V, 2018 WL 3989514, at n. 2 (Fed. Cl. Spec. Mstr. June 28, 2018). Application of the PPI-OL results in the following rates for Mr. McCoy (rounded to the nearest dollar): $181.00 per hour for 2018, $185.00 per hour for 2019, and $193.00 per hour for work performed in 2020.

While the PPI-OL sets a reasonable baseline for how inflation should affect an attorney's hourly rate from year to year, it does not account for how an attorney's increased experience would factor into that rate. This is particularly relevant for young attorneys, who typically gain experience and refine their legal skills quicker than more experienced ones (e.g., the undersigned would expect an attorney to gain more experience in their first ten years of legal experience than they would in their 20-30th years of experience). With that in mind, the undersigned finds the following hourly rates to be reasonable for Mr. McCoy: $175.00 per hour for 2017, $190.00 per hour for 2018, $200.00 per hour for 2019, and $210.00 per hour for 2020.

The undersigned also finds that the requested paralegal rates of $140.00 per hour are excessive for paralegals working in a non-forum locale, particularly compared to the rates established for attorney work by Mr. McCoy. In the

---

[2] The Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

undersigned's experience, a reasonable hourly rate for paralegal work here would be $100.00 per hour.

Application of these rates results in a reduction of $1,239.00.

B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds most of the hours billed hours to be reasonable.  Counsel has done well in providing detailed descriptions of the work performed which has aided the undersigned in assessing the reasonableness of the billing entries. The only reduction necessary is for a small amount of time billed on clerical/administrative tasks such as finalizing and filing documents. These activities should not be charged at all. Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 407-08 (1997). An appropriate reduction for this time is $200.00 Accordingly, petitioner is entitled to a final award of attorneys' fees of $19,673.50.

C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $400.00 in attorneys' costs as reimbursement for the Court's filing fee. This cost is typical of Vaccine Program litigation and shall be fully reimbursed.

E.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$20,073.50** (representing $19,673.50 in attorneys' fees and $400.00 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and McCoy & McCoy Attorneys at Law LLC.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran  
Christian J. Moran  
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.